### CITY OF ST. LOUIS v. HUSE.

#### No. 28740.

St. Louis Court of Appeals.

Missouri.

May 18, 1954.

Rehearing Denied June 11, 1954.

Robert L. Spelbrink, Kenneth F. Summers, St. Louis, for appellant.

Samuel H. Liberman, City Counselor, Roy A. Fish, Wm. H. Freivogel, Asst. City Counselors, St. Louis, for respondent.

ANDERSON, Presiding Judge.

Defendant, Ralph A. Huse, was convicted of driving a motor vehicle while intoxicated, contrary to the provisions of a City Ordinance of the City of St. Louis. His punishment was fixed at imprisonment in the City Workhouse for a period of ten days and a fine of $250. An appeal was taken to this court.

Defendant's sole contention in this court is that there was no substantial evidence that defendant was driving the car at the time in question. This necessitates a review of the evidence adduced relative to said issue.

Richard Moore testified for the State. He stated that about midnight on April 23, 1952, he drove north on Kingshighway and as he approached the intersection of Kingshighway and the Hodiamont car tracks he observed an automobile headed north in the center of the street in front of him. This automobile appeared to be stalled. The witness further testified that he thereafter attempted to pass to the right of this stalled car and, when he got even with it, said car "pulled over, hit me, rammed the front fender and door." Moore's car traveled forward ten or fifteen feet after the accident and, after stopping, Moore got out of his car immediately and went back to the car with which he had collided. The witness testified as follows:

"Q. You got out of your car then? A. Yes, sir.

"Q. Immediately after the collision? A. Yes, sir.

"Q. You went around to the other automobile, did you? A. Yes, sir.

"Q. Who was in the driver's seat of that car? A. The man here (indicating).

"Q. Ralph Huse, here? A. Yes, sir. * * * Well, after I got out of the side, I had another fellow with me, he got out of the car, he got out of the driver's door and when I got out, he was in the car backing it up."

On cross-examination, the witness gave the following testimony:

"Q. Do you remember making a statement to the officer that you was not sure who was operating the automobile? A. Yes, sir, I think I do.

\* \* \* \* \* \*

"Q. If you said, at the time of the accident, you wasn't sure who was operating the automobile, why do you come into Court, say now, this man was operating it? A. I said, when I got out, he was behind the wheel, I didn't say, I'm sure he was driving the car, at the time of the accident."

Officer William Brown, who arrived at the scene of the accident after the collision, testified that Huse denied he was driving the automobile at the time, and that Moore made a statement to the effect that he was not sure who was driving the car.

Edward Cook, who was with Huse at the time, testified on behalf of defendant. He stated that he was driving the Huse car at the time, having been requested to do so by Huse who was intoxicated at the time. When asked if anything was said at the scene of the accident about who was operating the car, the witness replied that Huse made the statement that he was driving the car. The testimony of the witness was to the effect that Huse made the said statement because he wanted to protect himself with reference to his insurance on the car.

William Brown, the police officer, testified that Cook told him at the scene of the accident that Huse was driving the car at

the time. When questioned concerning this statement, Cook stated that he did not recall making such statement.

Defendant took the stand and testified that he was not driving the car in question at the time of the accident,

In our view, from the foregoing evidence a jury could reasonably find that the defendant was driving the car at the time of the collision. The trial court, therefore, did not err in submitting the case to the jury.

The judgment is affirmed.

BENNICK, J., and ADAMS, Special Judge, concur.